IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VERONICA HERNANDEZ GARCIA, <br> CEDRIC RAY, MICHAEL TREVINO, <br> and HUMBERTO J. ZINGG MACHADO, <br><br> PLAINTIFFS <br><br> V. <br><br> KEY ENERGY SERVICES, LLC and <br> DANNY KOVAR, <br><br> DEFENDANTS | §§§§§§§§§§§§§§ | No. 1:15-CV-58-RP |

### ORDER

Before the Court are Defendants' Partial Motion to Dismiss, filed on February 24, 2015 (Clerk's Dkt. #8), Plaintiffs' Memorandum in Response to Defendants' Motion to Dismiss for Failure to State a Claim, filed March 20, 2015 (Clerk's Dkt. #11), and Defendants' Reply to Plaintiffs' Response to Defendants' Partial Motion to Dismiss, filed on March 27, 2015 (Clerk's Dkt. #12). Having reviewed the parties' pleadings, the entire case file and the applicable case law, this Court issues the following Order.

### BACKGROUND

Plaintiffs, former employees of Key Energy Services, LLC ("Key Energy"), bring this lawsuit for employment discrimination and civil rights violations pursuant to the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981, 1981a, 1983, 1985, 1988, 2000e-2, 2000e-3 and 2000e-5, as well as Sections 21.051 and 21.055 of the Texas Labor Code. Each Plaintiff alleges he or she was subjected to a hostile work environment and discrimination based on race, gender and/or national origin, as well as retaliatory termination.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) all of Plaintiffs' claims under the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1985 and certain of

Plaintiffs' claims under 42 U.S.C. § 1981 for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 678-79. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*., 556 U.S. at 679. Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to

an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

## DISCUSSION

### *The Fourteenth Amendment*

Plaintiffs allege Defendants violated their equal protection rights under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

The Fourteenth Amendment provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without the due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Fourteenth Amendment protects citizens against actions by the state, not against wrongs done by private individuals. *U.S. v. Price*, 383 U.S. 787, 799 (1966). It "erects no shield against merely private conduct, however discriminatory or wrongful." *Barrera v. Security Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169 (5th Cir. 1975)(quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1946)).

In their Memorandum in Response to Defendant's Partial Motion to Dismiss, Plaintiffs concede Defendants are not state actors. Plaintiffs do not allege in their pleadings Defendants were otherwise acting under color of law or participating in a joint action with the State or its agents. The protections of the Fourteenth Amendment do not apply to Defendants' private conduct.[1]

### *42 U.S.C. § 1981*

Plaintiffs claim they were subjected to discrimination and a hostile work environment based on race, national origin and sex in violation of 42 U.S.C. § 1981. Defendants move to dismiss Plaintiffs' claims under § 1981 based on national origin and sex.

Section 1981 states:

---

[1] Although Plaintiffs' complaint asserts a claim under the Fourteenth Amendment, the Constitution does not itself provide a direct cause of action. *See Solesbee v. Nation*, 2008 WL 244343 (N.D. Tex. January 29, 2008).

3

>(a) Statement of Equal Rights.  All persons within the jurisdiction of the United States shall have the same right in every State and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.
>
>(b) "Make and enforce contracts" defined.  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
>(c) Protection against Impairment.  The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

This statute "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460 (1975).  It does not protect against discrimination based solely on the basis of place or nation of origin. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).  Nor does § 1981 protect against sex discrimination. *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981).

Even assuming as true all of the facts Plaintiffs allege, Plaintiffs cannot state a claim for which relief can be granted under § 1981 for national origin or sex discrimination.  The only § 1981 claims asserted by Plaintiffs that withstand a Rule 12(b)(6) challenge are those based on racial discrimination.  Accordingly, this Court finds that Plaintiffs' § 1981 claims based on national origin and gender should be dismissed.

### *42 U.S.C. § 1983*

Plaintiffs allege Defendants violated 42 U.S.C. § 1983.  Section 1983 provides that any person acting under color of law who deprives an individual of rights, privileges or immunities guaranteed by the U.S. Constitution is liable to the injured party.  42 U.S.C. § 1983.  To state a cause of action under section 1983, the plaintiff must allege the person who caused the deprivation of a federal right was acting under color of law. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir.

1994). A private citizen is amenable to suit under section 1983 only if he or she was "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 186 (1980). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Cinel*, 15 F.3d at 1343.

As discussed above, Plaintiffs concede Defendants are not state actors and do not allege Defendants were otherwise acting under color of law or participating in a joint action with the State or its agents. Absent such an allegation, the provisions of § 1983 do not apply. Accordingly, Plaintiffs claims thereunder should be dismissed for failure to state a claim upon which relief can be granted.

### 42 U.S.C. § 1985

Plaintiffs assert claims under 42 U.S.C. § 1985 alleging Defendants engaged in a conspiracy to deprive them of their civil rights.

Section 1985 provides that if two or more persons conspire for the purpose of depriving any person of the equal protection of the laws, or of equal privileges and immunities thereunder, the party injured or deprived may have an action for recovery of damages against the conspirators. 42 U.S.C. § 1985.

It is Plaintiffs' contention that Key Energy and Defendant Kovar "conspired with other Key supervisors and dispatchers to make Plaintffs' work lives miserable" and to deprive Plaintiffs of their constitutional rights. However, a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that acts of the agent are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)(quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952). If the alleged conspirators are all part of the same corporation, there does not exist a conspiracy of two or more people. *See Id.*

Plaintiffs do not allege Key Energy conspired with anyone other than its employees and agents. Since Key Energy cannot conspire with itself, this does not constitute a conspiracy of two or more people as required by § 1985. Accordingly, Plaintiffs' claims against Defendants thereunder should be dismissed for failure to state a claim upon which relief can be granted.

In light of the foregoing, **IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss (Clerk's Dkt. #8) is hereby **GRANTED** and Plaintiffs' claims under 42 U.S.C. § 1983 and § 1985 are hereby **DISMISSED** in their entirety.

**IT IS FURTHER ORDERED** that the claims asserted by Plaintiffs Veronica Hernandez Garcia, Michael Treviño and Humberto J. Zingg Machado under 42 U.S.C. § 1981 on the basis of national origin are hereby **DISMISSED**.

**IT IS FINALLY ORDERED** that the claim asserted by Plaintiff Veronica Hernandez Garcia under 42 U.S.C. § 1981 on the basis of sex discrimination is hereby **DISMISSED**.

**SIGNED** on April 21, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE